UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

NATHANIEL KOONCE,

Plaintiff,

v.

MIAMI DADE POLICE DEPARTMENT,

Defendant.

Civil Action No: 04-20605

CIV-HOEVELER

/KLEIN

COMPLAINT

1. This is an action seeking damages and other relief against defendant, MIAMI DADE POLICE DEPARTMENT, to redress the deprivation of rights secured to the plaintiff by Title VII of the Civil Rights Act of 1964, *42 U.S.C. § 2000e et seq.* Plaintiff NATHANIEL KOONCE also seeks to restrain the MIAMI DADE POLICE DEPARTMENT from maintaining a hostile work environment and from maintaining practices and policies that discriminate against employees because of their race, and /or in retaliation for participation in EEO process with respect to hiring, placement, promotions, compensation and other conditions of employment.

2. Mr. Koonce demands trial by jury on all issues so triable.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343 (a)(3).

4. Maintaining a hostile work environment, race discrimination and reprisal for participation in the EEO process were the bases for Plaintiff, NATHANIEL KOONCE, an African-American male, suffering damage.

5. The Office of the U.S. Equal Opportunity Commission, Miami District Office issued a Letter of Determination on August 26, 2003. The letter stated that reasonable cause had been established that Mr. Koonce "was discriminated against in violation of Title VII in that he was subjected to different terms and conditions of employment because of his race (Black) and when he complained about it, he was retaliated against. Such treatment included but was not limited to his performance evaluations, overtime assignments, harassment, discipline and transfer requests." The reviewers " determined that the evidence obtained during the investigation establishes that there is reasonable cause to believe that a violation of the statute has occurred." See Exhibit A hereto.

6. The matter was then referred to the Civil Rights Division, U.S. Department of Justice which advised NATHANIEL KOONCE that he had the Right to Sue Within 90 Days.

7. That notice was received on December 17, 2003. See Exhibit B.

8. This complaint is timely filed within 90 days of that receipt.

## THE PARTIES

9. NATHANIEL KOONCE, a Black non-Hispanic male, has worked as an officer of the MIAMI DADE POLICE DEPARTMENT since June, 1987.

10. The MIAMI DADE POLICE DEPARTMENT is an "employer" within the meaning of Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000(e), *et. seq*. because it employs more than 15 persons and it operates business facilities within the jurisdiction of this Court.

11. The Defendant is a "person" within the meaning of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000(e) *et. seq*.

## ADMINISTRATIVE PROCEEDINGS

12. Administrative remedies have been exhausted. NATHANIEL KOONCE filed a timely complaint with the U.S. Equal Employment Opportunity Commission, Miami District Office.

13. That Agency issued a Letter of Determination which was followed by a formal Notice of Right to Sue issued by the U.S. Department of Justice, Civil Rights Division. See Attachments A and B.

## FACTUAL ALLEGATIONS

14. This case is about the decision of managers at the MIAMI DADE POLICE DEPARTMENT to discriminate against African American Police Officers.

15. Officer Koonce has been assigned to the Liberty City area of Miami during the entirety of his police career.

16. His relationship with the public and his superiors, over the course of the employment, has been excellent.

17. It was not until a Caucasian Lieutenant was assigned to the supervisory position that the work environment became hostile and that Mr. Koonce suffered discrimination.

18. Lieutenant Thomas O'Connell, a Caucasian Male, reviewed Mr. Koonce's performance over the period from November 15, 1999 until November 12, 2000.

19. That evaluation contained unwarranted negative comments which resulted in a rating of "satisfactory," a rating later used to justify discriminatory employment action by the Defendant. This evaluation and the comments therein were motivated by racial animus.

20. The rating comments of the reviewers was internally inconsistent and were contrived to denigrate Office Koonce.

21. For instance, the evaluation and its resultant directions to Officer Koonce paint him as a "loner."

22. Yet that some evaluation grudgingly acknowledged that "Officer Koonce did receive three commendations for teamwork and dedication to duty" during the relevant period of time.

23. Within days of the receipt of this evaluation, with which Officer Koonce disagreed, that same Lieutenant O'Connell took the unprecedented step of sending a handwritten memorandum to Tom Stone which stated: "Please ensure Officer Koonce **does not** work TRAP, EEIs, or County Overtime Positions (water & sewer)." (Emphasis by double underlining in original).

24. Lt. O'Connell was well aware that contriving to preclude any extra duties of Officer Koonce would result in a reduction of his income by tens of thousands of dollars annually.

25. Lt. O'Connell took this action because Officer Koonce is an African American.

26. Almost immediately after learning of the unprecedented actions of Lt. O'Connell, Officer Koonce sought the protection of the Dade County Police Benevolent Association's Legal Assistance arm.

28. After this complaint to the PBA, Lt. O'Connell attempted to justify his blatant racially motivated actions by adding other officers to the preclusion list.

29. Lt. O'Connell notified First Lt. Wright that five additional officers were not eligible for overtime.

30. Four of the five additional officers were African American.

31. Approximately one week later, the Defendant, through Major J.D. Patterson, (African American Male) attempted to create eligibility requirements for overtime which would exclude Mr. Koonce.

32. The preclusion of overtime work was broader for Mr. Koonce than the preclusions in the memorandum of Major Patterson.

34. Mr. Koonce attempted to speak with management through official channels.

35. Meanwhile, in response to Officer Koonce's request for transfer on September 15, 2000, Director Carlos Alvarez reassigned Mr. Koonce from Northside District to Carol City District on March 16, 2001, effective April 2, 2001

36. Mr. Koonce once again spoke with the PBA. He was told that in spite of Director Alvarez' memorandum, Mr. Koonce would not be transferred.

37. Mr. Koonce sought a meeting with Director Alvarez, on March 17, 2001 through Chain of Command to discuss the denial of his transfer.

38. Mr. Koonce was never permitted to speak with the Director.

39. Following his May 1, 2001 Complaint to the EEOC, Mr. Koonce was subjected to a pattern of discrimination characterized by being singled out for criticism or reprimand for practices for which others were not criticized as retaliation for such filing.

40. This pattern of discrimination was motivated by Mr. Koonce's race: African American.

41. The environment of the North Side Station, during the supervisory tenure of Lt. O'Connell, was hostile to African Americans.

## CAUSE OF ACTION

### COUNT ONE–EMPLOYMENT DISCRIMINATION

42. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "41" of this complaint with the same force and effect as if fully set forth herein.

43. By the above alleged acts, defendant has violated Title VII by discriminating against plaintiff because of race in the terms, conditions and privileges of his employment.

44. Defendant's acts were with malice and reckless disregard for plaintiff's federally protected civil rights.

45. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless and until this Court grants relief.

### COUNT TWO–HOSTILE WORK ENVIRONMENT

46. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "41" of this complaint with the same force and effect as if fully set forth herein.

47. By the above alleged acts, defendant has violated Title VII's guarantee of the right to work in an environment free from discriminatory intimidation, ridicule and insult.

48. Defendant's acts were with malice and reckless disregard for plaintiff's federally protected civil rights.

49. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages

as a result of defendant's discriminatory practices unless and until this Court grants relief.

COUNT THREE–RETALIATION

50. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "41" of this complaint with the same force and effect as if fully set forth herein.

51. By the above alleged acts, defendant has violated Title VII by retaliating against plaintiff because of race in the terms, conditions and privileges of his employment.

52. Defendant's acts were with malice and reckless disregard for plaintiff's federally protected civil rights.

53. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless and until this Court grants relief.

RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(A) Enter a judgment declaring that the acts and practices of the Defendant Employer are in violation of the law.

(B) Award Mr. Koonce damages.

©) Grant Mr. Koonce such other and further relief as may be necessary and proper.

(E) Award Mr. Koonce the costs of this action together with reasonable attorney's fees as provided in § 706(k) of the Civil Rights Act of 1964, *42 U.S.C. § 2000e-5(k).*

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury of all issues so triable.

Dated: this 15th day March , 2004

Respectfully submitted,

Bonner Law Offices
Mary Catherine Bonner, Esq.
Florida Bar Number: 283398
207 S.W. 12th Court
Ft. Lauderdale, FL 33315
(954) 523-6225
(954) 763-8986 facsimile
E-mail: MCBONNER @ AOL.COM

By: Mary Catherine Bonner
Mary Catherine Bonner, Esq.

Respectfully submitted,

William M. Norris, Esq.
Florida Bar Number: 0309990
8870 SW 62 Terrace
Miami, FL 33173-1616
(305) 279-9311
(305) 279-9026
E-mail: WnorrisLaw @Aol.com

By: William M Norris
William M. Norris, Esq.

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

04-20605

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

NATHANIEL KOONCE

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

MARY CATHERINE BONNER
WILLIAM M. NORRIS

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

[illegible] STREET, [illegible] LAUD, FL 3331[illegible]
5890 SW 62 Ave, Miami, FL 33173

**DEFENDANTS**

CIV-HOEVELER

MIAMI DADE POLICE DEPARTMENT

KLEIN

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT DADE
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

1:04CV20605 WMH/KLEIN

ATTORNEYS (IF KNOWN)

9105 N.W. 25th ST
Miami, FL 33172

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: **DADE** (circled), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury – Med. Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS – Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

A OR B

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

TITLE VII, CIVIL RIGHTS ACT of 1964, 42 USC § 2000e ET SEQ.
1. DISCRIMINATION IN EMPLOYMENT
2. HOSTILE WORK ENVIRONMENT
3. RETALIATION

LENGTH OF TRIAL
via 3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) (See instructions): IF ANY

JUDGE ______ DOCKET NUMBER ______

DATE 3-15-04

SIGNATURE OF ATTORNEY OF RECORD Mary Catherine Bonner

FOR OFFICE USE ONLY

RECEIPT # 530630 AMOUNT 150 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______